**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 1:06-CR-51** |
| v. : | |
| : | **(Chief Judge Kane)** |
| **ALTON FRANCIS,** : | |
| Movant : | |
| : | |

**MEMORANDUM**

Before the Court is Movant Alton Francis's pro se motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255.  (Doc. No. 36.)  After the Court provided Francis with an administrative notice related to successive petitions, see United States v. Miller, 197 F.3d 644 (3d Cir. 1999); see also Adams v. United States, 155 F.3d 582 (2d Cir. 1998), Francis elected to proceed with the motion as filed.  (Doc. Nos. 37 & 38.)  His motion was then served upon the Government, which filed a timely brief in opposition.  (Doc. No. 40.)  Thereafter, Francis filed a traverse to the Government's brief.  (Doc. No. 41.)  Thus, the motion is fully briefed and ripe for disposition.  Upon due consideration of Francis's arguments and the Government's response thereto, the Court finds that Francis is not entitled to § 2255 relief and will deny the motion.

**I.     BACKGROUND**

On February 3, 2006, a criminal complaint was filed in the Middle District of Pennsylvania charging Movant Alton Francis ("Francis") with various drug-related offenses. (Doc. No. 1.)  Francis's initial appearance was held that same day, and four days later, on February 7, 2006, Robert J. Daniels, Esq., ("defense counsel") was appointed to represent him.

On February 8, 2006, a grand jury in the Middle District of Pennsylvania returned a two-count indictment charging Francis with distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841, and possession of a firearm in furtherance of drug

trafficking, in violation of 18 U.S.C. § 924(c). (Doc. No. 10.) On March 13, 2006, Francis and the Government entered into a written plea agreement, pursuant to which Francis agreed to plead guilty to a superseding felony information charging him with distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841. In the plea agreement, the parties stipulated that the quantity of the controlled substance at issue was more than 250 grams but less than one kilogram. (Doc. No. 19, ¶ 14); (see also Plea Tr. at 10-11; Sentencing Tr. at 2-3). The plea agreement also provided that the remaining charges in the indictment, including the firearm possession charge carrying a mandatory minimum of five years' imprisonment, would be dismissed by the Government upon sentencing.

On April 11, 2006, Francis appeared before the Court and entered a plea of guilty to the superseding felony information. During the change-of-plea hearing, Francis represented that he had reviewed the felony information and the plea agreement with his attorney and understood both. However, when asked whether the Government's proffered factual basis for the plea was accurate, Francis offered the following correction for the record:

> I'm more of a user than anything else. . . That quantity they found in my house is just my personal stuff that I smoke. It wasn't anything that I was, like, distributing to anybody. . . . So more or less to me the statement of me distributing it is not something that I have in the back of my head, but that's how the court perceives it.

(Plea Tr. at 17.) The following exchange then occurred:

> COURT: It's important that if you're going to plead guilty to the charge that I read to you earlier, that you're able to admit that you, in fact, did that. And the Government is charging you with more than possessing for your own use, they are alleging that you possessed with the intent to distribute.
>
> Is that something that you are prepared to admit to and that you can honestly admit to? If you can't do that, then you shouldn't be

entering a guilty plea.

FRANCIS:  I understand the plea that I'm entering.

COURT:  I'm sorry?

FRANCIS:  I understand the plea that I'm entering.  I admit to it.

COURT:  Well, don't admit to it if you didn't do it. . . .

* * *  If you didn't sell, then you probably shouldn't be admitting to this.  And if you did, now would be the time to come clean.

FRANCIS:  Yes, I did.

COURT:  So you're admitting to me now that on or about February 3rd, that you sold marijuana - -

FRANCIS:  Yes, ma'am.

COURT: - - to a person who turned out to be a confidential informant?

FRANCIS: Yes, ma'am.

* * *

COURT:  I just want to reiterate to you what I have said before.  This is an important decision.  It's important for a lot of reasons, but today its really important because it's a final decision.

FRANCIS: Yes, ma'am.

COURT:  If you have any doubt in your mind about whether or not you did what the Government has charged here, you should not be admitting to that.  You should only admit to this charge if you're able to look me in the eye and tell me that you know that you possessed with the intent to sell and that you did, in fact, as you said, make this illegal sale.

FRANCIS:  Yes, ma'am.

* * *

COURT:  Had you sold drugs to him before?

FRANCIS:  Yeah, we've shared transactions before between me and him.

* * *

COURT:  You admit those facts, that on November 30th, 2005, you sold 2 ounces for $400 to a person who later informed?

FRANCIS:  Yes, ma'am.

3

(Plea Tr. at 17-22.) Satisfied that Francis understood the nature of the charges against him and the rights that he was giving up by pleading guilty, the Court accepted Francis's plea. (Id. at 23.)

Following Francis's guilty plea, the probation office conducted a presentence investigation and issued a presentence investigation report ("PSR") that calculated the applicable guideline range in Francis's case to be 6-12 months' imprisonment, based on an offense level of 10 and a criminal history score of I. The PSR also noted that Francis was a citizen of Jamaica and a legal resident of the United States.

Defense counsel submitted written objections to the PSR's calculation of Francis's offense level, arguing that the appropriate offense level would be 6, not 10. Specifically, defense counsel challenged the imposition of a two-level increase under USSG § 2D1.1(b)(1) for possession of a firearm, and to the denial of a two-level reduction for acceptance of responsibility under USSG § 3E1.1(a). During the sentencing hearing, the Government maintained that the two-level enhancement for firearms was appropriate because of the loaded firearm found in Francis's home. Based upon discussions with defense counsel – and in spite of "troubling aspects of Mr. Francis's . . . post-plea compliance" with the conditions of his presentence release – the Government recommended that Francis receive a two-level reduction for acceptance of responsibility.

After hearing from the Government, defense counsel, and Francis, the Court sentenced Francis to a term of six months' imprisonment, two years' supervised release, a $1,000 fine, and a $100 special assessment. (Sentencing Tr. at 10.) In reaching this sentence, the Court gave Francis a two-level reduction for acceptance of responsibility. (Id. at 4) ("I have trouble with the acceptance, but if the Government is recommending to the Court that this defendant be given

credit, I'll go along with that recommendation.").

By way of the § 2255 motion now before the Court, Francis asserts that he is entitled to relief because his guilty plea was not knowing and voluntary, (Doc. No. 36, at 4) ("I had no knowledge of the distribution charge in the plea agreement. . ."), and because his defense counsel was ineffective for misadvising Francis about certain collateral consequences of his guilty plea, (id.) (claiming that defense counsel represented "that he w[ou]ld have to serve one year and day to be deportable."). Francis also challenges the appropriateness of the two-level enhancement for possession of a firearm. (Id. at 4.) In response, the Government argues that the record belies Francis's arguments and further asserts that the Court lacks jurisdiction to entertain Francis's motion since he waived his right to collaterally attack his sentence or conviction in his plea agreement.[1]

## II. LEGAL STANDARD

Under 28 U.S.C. § 2255, a federal prisoner may move the sentencing court to vacate, set aside, or correct the prisoner's sentence. 28 U.S.C. § 2255. However, § 2255 does not afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). "The alleged error must raise 'a fundamental defect which

---

[1] Contrary to the Government's contention, the Third Circuit has explained that a waiver of this sort does not deprive the Court of jurisdiction over a petitioner's motion to vacate. See United States v. Shedrick, 493 F.3d 292, 297 (3d Cir. 2007) ("According to the Government, the appeal and collateral attack waiver contained in Shedrick's written plea agreement strips our jurisdiction. *Not so.*") (emphasis added); see also United States v. Robinson, 224 F. App'x 501, 503 (3d Cir. 2007) ("[A]n agreement between a prosecutor and a defendant could hardly divest us of jurisdiction bestowed by Congress.").

The Government acknowledges that the Third Circuit has yet to address, in a precedential opinion, the validity of a defendant's waiver to collaterally attack a conviction and sentence pursuant to § 2255. (Doc. No. 40, at 7-8.) The Court will decline to delve into the validity of Francis's § 2255 waiver, however, because his claims are meritless and will be denied as such.

inherently results in a complete miscarriage of justice.'" Id. (quoting United States v. Hill, 368 U.S. 424, 428 (1962)).  Furthermore, § 2255 generally limits a federal prisoner's ability to attack the validity of his sentence to cure jurisdictional errors and errors which rose to the level of a constitutional violation.  United States v. Timmreck, 441 U.S. 780, 783-84 (1979).

Morever, the decision whether to hold a hearing when a prisoner moves to vacate a judgment under § 2255 is left to the sound discretion of the district court.  Virgin Islands v. Forte, 865 F.2d 59, 62 (3d Cir. 1989).  Where the record affirmatively indicates that a petitioner's claim for relief is without merit, the claim may be decided on the record without a hearing.  See Virgin Islands v. Nicholas, 759 F.2d 1073, 1075 (3d Cir. 1985); Page v. United States, 462 F.2d 932, 933 (3d Cir. 1972).  Thus, if the record, supplemented by the trial judge's personal knowledge, conclusively negates the factual predicates asserted in support of a § 2255 motion, or if the movant would not be entitled to relief as a matter of law even if the factual predicates as alleged in the motion are true, it is not an abuse of discretion to elect not to conduct an evidentiary hearing.  See Nicholas, 759 F.2d at 1075.  "[B]ald assertions and conclusory allegations do not afford a sufficient ground for an evidentiary hearing."  Mayberry v. Petsock, 821 F.2d 179, 185 (3d Cir. 1987).

### III.  DISCUSSION

#### A.  Francis's claim that his guilty plea was not knowing and voluntary

Francis claims that he thought he was pleading guilty to possession of marijuana for personal use – rather than distribution and possession with intent to distribute marijuana – and that this misunderstanding renders his guilty plea involuntary and unknowing.  A review of the

record demonstrates that this contention is without merit.

Francis signed a plea agreement in which the first paragraph specifically stated that he would plead guilty to distribution and possession with intent to distribute marijuana. (Doc. No. 19, ¶ 1.) During Francis's change-of-plea hearing, Francis was placed under oath, and the Court conducted a colloquy to determine whether he was mentally competent, whether he understood the proceedings, and whether he had been afforded sufficient time to review the charge with defense counsel. (Plea Tr. at 3-5.) The Court read the felony information to Francis, who again represented that he understood the charge. (Id. at 5-6.) After the Government explained the terms of the plea agreement, Francis confirmed that this was his understanding of the plea agreement. (Id. at 10-11.) Following the Government's recitation of the factual basis for the plea, and as described more fully in the background section of this memorandum, the Court and Francis discussed at length the distribution aspect of the charge and Francis's decision whether to plead guilty. (Id. at 16-23.) Francis admitted that he sold two ounces of marijuana for $400 to the Government's confidential informant on November 30, 2005, and acknowledge that he and the informant had engaged in drug transactions in the past. (Id. at 21-22.) The record reflects, and this Court found, that Francis understood the nature of the charges against him and that he voluntarily entered a plea of guilty to the felony indictment charging him with distribution and possession with intent to distribute marijuana, in violation of 21 U.S.C. § 841(a). Any claim to the contrary is untenable.

### B.     Francis's claim that defense counsel was ineffective

Francis's second argument in his § 2255 petition is that his attorney provided constitutionally inadequate representation. Claims for ineffective assistance of counsel are

governed by Strickland v. Washington, 466 U.S. 668 (1984). Under the Strickland test, to prevail on an ineffective assistance claim, a party "must demonstrate (1) that counsel's performance was deficient, that is, it fell below an objective standard of reasonableness, and (2) that counsel's deficient performance prejudiced his client." Albrecht v. Horn, 485 F.3d 103, 127 (3d Cir. 2007) (citing Strickland, 466 U.S. at 698-92).

Francis claims that he received ineffective assistance of counsel, which led him to plead guilty instead of proceeding with trial. Specifically, Francis argues that defense counsel misinformed him about whether a guilty plea to the charge of distribution and possession with intent to distribute marijuana would affect his status as a lawful permanent resident of the United States and expose him to removal proceedings. "It is an open question in [the Third Circuit] whether counsel's error in advising a client regarding the collateral consequences of a guilty plea– such as the effect of the plea on future immigration proceedings– is fundamental to that conviction such that it can constitute objectively unreasonable representation under the first prong of Strickland." United States v. Babalola, 248 F. App'x 409, 413 (3d Cir. 2007). The Court need not decide this unsettled question to resolve Francis's claim, however, because he cannot "show that there is a reasonable probability that but for his counsel's errors, the result of the proceeding would have been different, as is required by the second Strickland prong." United State v. Nino, 878 F.2d 101, 105 (3d Cir. 1989); see also Babalola, 248 F. App'x at 413-14.

"When a defendant pleads guilty and subsequently claims ineffective assistance of counsel, the Third Circuit has interpreted the prejudice prong [of Strickland] to require the defendant show a reasonable probability that: (1) but for counsel's errors he would not have

plead guilty but would have instead proceeded to trial, and (2) he would not have been convicted at trial." United States v. Dwumaah, No. 05-175, 2007 WL 4333813, at *2 (M.D. Pa. Dec. 5, 2007) (citing Babalola, 248 F. App'x at 413-14, at *4; Nino, 878 F.2d at 105). The Court will assume the truth of Francis's claims that defense counsel misadvised him of and/or provided him with insufficient information about the consequence of pleading guilty, and that but for this erroneous advice, Francis would have proceeded to trial.[2] (Doc. No. 41, at 27) ("[T]he attorney advised defendant that by taking the governments [sic] offer in the plea agreement, defendant would be able to keep his Lawful Legal Status, also that he would receive a second chance to be with his wife and children . . . [this] advice was incorrect and misleading."); (see also Doc. No. 36, at 4).

Francis cannot show that the outcome of his case would have been different had he proceeded to trial because the record is "replete with evidence of [his] guilt." Nino, 878 F.2d at 105. Had Francis proceeded to trial, the Government's evidence against him included a controlled buy, evidence recovered during a search warrant (including more than 250 grams of marijuana), testimony from at least two confidential informants, and inculpatory statements made by Francis. (Plea Tr. at 11, 16-17, 22; Doc. No. 40, at 16); (see also PSR ¶¶ 6-11, 13.) During the change of plea hearing, Francis admitted in open court that he engaged in various drug transactions with the Government's confidential informant, including the controlled buy that occurred on November 30, 2005. (Plea Tr. at 11, 21-22); (see also Sentencing Tr. at 6) (accepting responsibility for his unlawful actions). Given the Government's evidence against

---

[2] Whether Francis would have risked trial, given the charges he would have faced and the evidence against him, not to mention the highly favorable plea agreement defense counsel negotiated on his behalf, is especially doubtful.

him, Francis cannot show that there is a reasonable probability that he would have been found not guilty after trial and, therefore, is unable to satisfy the second prong of Strickland. Because the Court cannot conclude that Francis was prejudiced by his counsel's alleged errors, his ineffective assistance of counsel claim must fail.[3]

### C. Francis's claim regarding the two-level enhancement for firearm possession

In his petition, Francis complains that the two-level enhancement of his offense level for firearm possession was inappropriate, though he does not develop this argument in any meaningful fashion. (Doc. No. 4, at 7.) Francis's reference to the Sixth Amendment and the Supreme Court case of United States v. Booker, 543 U.S. 220 (2005), suggests that he believes that the facts underlying this enhancement must be found by a jury beyond a reasonable doubt. The Third Circuit has rejected this argument, explaining that "only those facts that increase the *statutory* maximum penalty to which a defendant is exposed must be admitted by the defendant or found by a jury beyond a reasonable doubt." United States v. Dragon, 471 F.3d 501, 506 (3d Cir. 2006) (emphasis in original) (upholding a two-point sentencing enhancement where the district court found by a preponderance of the evidence that the defendant committed the crime at issue while on probation); see also United States v. Gunter, 462 F.3d 237, 243 (3d Cir. 2006) ("[D]istrict courts may fact find to increase sentences beyond the Guidelines range provided that

---

[3] Francis's traverse includes a "special request to convert petition to a 'Writ of Coram Nobis.'" (Doc. No. 41.) A writ of error *coram nobis* is an infrequent and extraordinary form of relief "used to attack allegedly invalid convictions which have continuing consequences, when the petition has completed serving his sentence and is no longer 'in custody.'" Babalola, 248 F. App'x at 411 (citation omitted). Because of the strong interest in finality of judgments, the standard for a collateral attack via writ of error *coram nobis* is more stringent than on appeal or in the habeas context: "[R]elief will be granted only when circumstances compel such an action to achieve justice." Id. at 411-12 (citations and internal quotations marks omitted). The instant petition does not present the exceptional circumstances that would warrant this form of relief.

they are within the statutory minimum and maximum dictated by the United States Code."). Accordingly, Francis's motion will be denied.

## IV. CONCLUSION

After reviewing Francis's arguments, the Government's response, and the record, the Court concludes that Francis has failed to state any basis for relief under 28 U.S.C. § 2255. A review of the record flatly contradicts Francis's claim that he was unaware of the "distribution charge in the plea agreement," and even if counsel's representation was objectively unreasonable, Francis cannot establish any prejudice suffered as a result of the alleged errors.[4] In sum, Francis's claims regarding the adequacy of his plea, the quality of his representation, and the imposition of a two-level sentencing enhancement must be rejected as factually and legally unsupportable. An appropriate order follows.

---

[4] Indeed, contrary to Francis's complaints, the record demonstrates that his defense counsel was an effective advocate: he limited Francis's exposure through a very favorable plea agreement and then persuaded the Government to recommend that Francis receive a two-level reduction for assistance of responsibility, in spite of Francis's testing positive for drugs on while on presentence release.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | |
| : | **Criminal No. 1:06-CR-51** |
| v. : | |
| : | **(Chief Judge Kane)** |
| **ALTON FRANCIS,** : | |
| **Movant** : | |
| : | |

**ORDER**

**AND NOW**, this 20th day of February, 2008, upon due consideration of Movant Alton Francis's motion, the Government's response thereto, and the record before the Court, **IT IS HEREBY ORDERED THAT** Francis's 28 U.S.C. § 2255 motion to vacate, set aside, or correct sentence (Doc. No. 36) is **DENIED**. The Clerk of Court is directed to close the file.

S/ Yvette Kane
Yvette Kane, Chief Judge
United States District Court
Middle District of Pennsylvania